Fuks v Rakia Assoc. (2022 NY Slip Op 06995)

Fuks v Rakia Assoc.

2022 NY Slip Op 06995

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kern, J.P., Gesmer, Kennedy, Scarpulla, Rodriguez, JJ. 

Index No. 122768/96, 102882/02 Appeal No. 16859-16860-16861-16862 Case No. 2021-03205 2021-03206 2022-01282 2022-01271 

[*1]Mali Fuks etc., Plaintiff-Respondent,
v
Rakia Associates et al., Defendants-Appellants, Lancaster Studio Associates et al., Defendants.
Ruth Shomron etc., Plaintiff-Appellant,
v
Darya Fuks etc., et al., Defendants-Respondents.

The Law Firm of Guy S. Halperin, PLLC, New York (Guy S. Halperin of counsel), for appellants.
Catafago Fini LLP, New York (Jacques Catafago of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Melissa A. Crane, J.), entered August 16, 2021, which denied the motion of Rakia Associates, 2701 Broadway Associates, Ruth Shomron, Estate of Howard Simon, and Larry Goldstein to reject in part and modify in part the report of Special Referee Lancelot B. Hewitt, dated May 21, 2021, and granted plaintiff Mali Fuks's motion to confirm the Referee's report as to the objected-to portions, unanimously reversed, on the law, without costs, and the matter remitted for a new decision that takes into consideration the transcripts of and evidence presented at the hearing held before the Referee.
Orders, same court and Justice, entered March 3, 2021 and on or about March 23, 2022, which, insofar as appealed from, granted in part Mali Fuks's motion for an order directing equitable distribution of the assets of R&L Realty Associates to its partners in accordance with the confirmed Referee's report, unanimously reversed, on the law, without costs, and the orders vacated.
Where, as here, the Referee's factual findings are disputed, a court "may not make an order on the [referee's] report without having before it the testimony in some form or agreement by the parties as to its substance sufficient to permit the court to pass upon a challenge made to the sufficiency of the evidence" (Matter of Shulman v Elco Constr. Corp. , 12 AD2d 460, 460 [1st Dept 1960] [internal quotations marks omitted]; accord Kalfus v Kalfus , 243 AD2d 324, 325 [1st Dept 1997]). The matter should thus be remitted to the motion court for a new decision that takes into consideration the transcripts and other evidence before the Referee.
In view of our disposition of this issue, we need not reach the parties' arguments regarding compliance with CPLR 4319 and 4320(b). The remaining issues argued by the
parties involve factual disputes that the motion court could not have properly resolved without the benefit of the transcripts and exhibits that were before the Referee. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022